OPINION *Page 2 
{¶ 1} On May 23, 2003, appellant, Shelley Arnold, aka Shelley Daugintis, was injured while working for appellee, Roland Industries, LLC, after she was struck by a stack of heavy boards that fell off of an unguarded conveyor.
 {¶ 2} On February 12, 2007, appellant re-filed a complaint against appellee, claiming an intentional tort. On November 27, 2007, appellee filed a motion for summary judgment. By judgment entry filed January 31, 2008, the trial court granted the motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT-APPELLEE."
 I {¶ 5} Appellant claims the trial court erred in granting summary judgment to appellee. We disagree.
 {¶ 6} Specifically, appellant claims there exists material issues of fact on all three prongs necessary to establish an intentional tort:
 {¶ 7} "* * * in order to establish `intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) *Page 3 
knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus.
 {¶ 8} Summary Judgment motions are to be resolved in light of the dictates of Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 9} "Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35. *Page 4 
 {¶ 11} From the deposition testimony of appellant, co-workers Barbara Barnhart and Michael Straits, group leaders Jason Doretich and Tyrone Simpson, foil slitter James Leonard, and supervisors Kenneth Strouse and Brian Spencer, we find these undisputed facts:
 {¶ 12} 1) Appellant was injured when wood boards on a conveyor fell off because no stops or barrier guards were in place. Arnold depo. at 62, 68; Barnhart depo. at 14.
 {¶ 13} 2) It was appellee's policy to use scrap wood as makeshift stops so the wood boards would not roll off the conveyor. Arnold depo. at 87-88; Barnhart depo. at 14; Spencer depo. at 12-13; Simpson depo. at 7-8; Doretich depo. at 13.
 {¶ 14} 3) Prior to appellant's accident, appellee decided to replace the removable wood stops with permanently affixed metal guards. The process of installing the new guards was on-going at the time of appellant's accident. Straits depo. at 11-17.
 {¶ 15} 4) Supervisors and group leaders warned employees to replace the stops after off-loading. Doretich depo. at 8-9, 12-13; Leonard depo. at 9-11, 16-17; Strouse depo. at 8; Spencer depo. at 13; Straits depo. at 17-19.
 {¶ 16} 5) Employees who failed to replace the wooden stops would be warned about the process. Spencer depo. at 13; Doretich depo. at 8-9; Straits depo. at 19.
 {¶ 17} 6) When the stops or barrier guards were not in position, it was possible for wood boards to fall off the conveyor. Leonard depo. at 11; Simpson depo. at 8.
 {¶ 18} 7) No previous injuries had occurred as a result of the failure to replace the wood stops. Straits depo. at 19; Spencer depo. at 20-21; Leonard depo. at 13-14.
 {¶ 19} In construing these undisputed facts in favor of the non-moving party under a summary judgment Civ. R. 56 standard, we find appellant has failed to establish *Page 5 
the first two prongs of Fyffe. As a matter of law under the standards imposed by Fyffe, no facts were presented to establish that appellee knew this was a dangerous process or procedure, and that appellee knew that the stops employed under its policy subjected appellant to a dangerous process or procedure and there was a substantial certainty that appellant would be harmed as a result.
 {¶ 20} Upon review, we find the trial court did not err in granting summary judgment to appellee.
 {¶ 21} The sole assignment of error is denied.
 {¶ 22} The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio is affirmed. *Page 1